**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
LUCAS NEREO, ARMANDO IZALDE, and DANIEL
MONTACHANA,

                          Plaintiffs,        Case No.: 22-cv-09505-JGK

-against-                                        **AFFIRMATION IN SUPPORT**
                                                          **OF OSC FOR**
SHLEPPERS HOLDINGS, LLC d/b/a SHLEPPERS MOVING  **DEFAULT JUDGMENT**
& STORAGE., UNIVERSAL MOVING LLC, and ERNESTO
DEL VALLE individually,
                          Defendants.
------------------------------------------------X

      I, Jesse C. Rose, an attorney admitted to practice within the Southern District of New York, declare and affirm under the penalty of perjury as follows:

1. I am the attorney for Plaintiffs Lucas Nereo ("Nereo"), Armando Izalde ("Izalde"), and Daniel Montachana ("Montachana") (together "Plaintiffs") in the above entitled action.

2. I make this declaration in support, on the basis of my familiarity with the facts and circumstances of the case, the records, papers and pleadings, my investigation into the matter and upon information and belief.

## BASIS FOR DEFAULT JUDGMENT & PROCEDURAL HISTORY

3. Certificate of Default was issued by the Clerk of the Court on February 10, 2023 as to Defendant Universal Moving LLC. Exhibit 1.

4. Defendant Universal Moving LLC has still not appeared or answered the Complaint. Now, Plaintiffs ask that this Court sign the Order to Show Cause, demanding that Defendant Universal Moving LLC show cause why judgment should not be issued against them.

## **DEFAULT JUDGMENT IS APPROPRIATE**

5. "A default judgment may be awarded in accordance with Rule 55 of the Federal Rules of Civil Procedure '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend' against an action." CAMOFI Master LDC v. Riptide Worldwide, Inc., 2012 U.S. Dist. LEXIS 178383, at *19-20 (S.D.N.Y. Dec. 17, 2012). (quoting Fed. R. Civ. P. 55(a)).

6. "Rule 55 sets forth a two-step process for an entry of default judgment." Id. (citing GuideOne Specialty Mutual Ins. Co. v. Rock Community Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993)).

7. "First, the movant must file an affidavit demonstrating that the party against whom default judgment is sought has been properly served and has failed to defend, upon which the clerk of the court enters the party's default into the record." Id. (citing Guideone, 696 F. Supp. 2d at 208; Fed. R. Civ. P. 55(a); Local Rule 55.1).

8. "Second, after the clerk of the court enters default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter default judgment." Id. (quoting GuideOne, 696 F. Supp. 2d at 208; Fed. R. Civ. P. 55(b)).

9. Plaintiffs have met these requirements and a default judgment is now appropriate.

## **BASIS OF PROPOSED DAMAGES FOR WAGE AND HOUR VIOLATIONS**

10. Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that they were required to work a significant number of hours for which they were not paid the minimum wage or overtime. Exhibit 1, Complaint, ¶¶ 2, 13-

19, 49-63.

11. "Under the FLSA, employers are required to compensate covered employees for all work performed, including overtime, in order to prevent 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Velez v. 111 Atlas Rest. Corp., 2016 U.S. Dist. LEXIS 107230, at *17 (E.D.N.Y. Aug. 11, 2016) (quoting 29 U.S.C. §§ 202(a), 207(a)(1); citing Reich v. New York City Transit Auth., 45 F.3d 646, 648-49 (2d Cir. 1995)).

12. "Both the FLSA and NYLL entitle an employee to 'a rate [of pay] not less than one and one-half times the regular rate at which he is employed' for all hours worked in excess of forty hours per week." Hernandez v. NJK Contractors, Inc., 2015 U.S. Dist. LEXIS 57568, at *119 (E.D.N.Y. May 1, 2015) (quoting 29 U.S.C. § 207(a)(1); citing N.Y. Comp. Codes. R. & Regs. tit. 12 § 142-2.2; Brown v. Tomcat Elec. Sec., Inc., 2007 U.S. Dist. LEXIS 63542, 2007 WL 2461823, at *2 (E.D.N.Y. Aug. 27, 2007)).

13. All three (3) Plaintiffs worked together most days and, as such, their damages calculations are very similar.

   i. Damages Calculation for Plaintiff Nereo

14. Plaintiff Nereo worked from April of 2021 until May 13, 2022, totaling approximately fifty-six (56) weeks. Exhibit 2, Affidavit of Lucas Nereo, ¶¶ 1, 16.

15. During his employment he worked between four (4) and six (6) days each week and averaged seventeen (17) hours per day. Exh. 2, ¶¶ 4-5, 9.

16. Rather than be paid for the time worked, Plaintiff Nereo received a percentage of earnings regardless of how long he worked. Exh. 2, ¶¶6-8.

17. He drove long distances and was required to return. Exh. 2, ¶¶ 10-14.

18. He made only between $70-90.00 per day. Exh. 2, ¶ 15.

19. Each week, if we average his work to seventeen (17) hours per day and five (5) days per week, he worked a total of eighty-five (85) hours per week. The minimum wage was $15.00 per hour pursuant to NYLL § 652(1)(a) regardless of the number of employees. Thus, he was entitled to 85 * $15.00 = $1,275 per week, not counting overtime.

20. The overtime premium would be forty-five (45) times half of the minimum wage, or 45 * $7.50 = $337.50.

21. The total amount owed is $1,275 + $337.50 less the amount paid, which we calculate as $80 (the average per day pay) times five (5) (the average days per week) or $400. So the damages calculation per week is $1,612.50 - $400 = $1,212.50.

22. Over fifty-six (56) weeks, the total damages are $67,900.00 for Plaintiff Nereo.

ii. Damages Calculation for Plaintiff Izalde

23. Plaintiff Izalde worked from 2019 until March of 2022, totaling approximately 116 weeks excluding any from 2019. Exhibit 3, Affidavit of Armando Izalde, ¶¶ 1, 16.

24. During his employment he worked between four (4) and six (6) days each week and averaged seventeen (17) hours per day. Exh. 3, ¶¶ 4-5, 9.

25. Rather than be paid for the time worked, Plaintiff Izalde received a percentage of earnings regardless of how long he worked. Exh. 3, ¶¶6-8.

26. He drove long distances and was required to return. Exh. 3, ¶¶ 10-14.

27. He made only between $70-90.00 per day. Exh. 3, ¶ 15.

28. Each week, if we average his work to seventeen (17) hours per day and five (5) days per week, he worked a total of eighty-five (85) hours per week. The minimum wage was $15.00 per hour pursuant to NYLL § 652(1)(a) regardless of the number of employees. Thus, he

was entitled to 85 * $15.00 = $1,275 per week, not counting overtime.

29. The overtime premium would be forty-five (45) times half of the minimum wage, or 45 * $7.50 = $337.50.

30. The total amount owed is $1,275 + $337.50 less the amount paid, which we calculate as $80 (the average per day pay) times five (5) (the average days per week) or $400. So the damages calculation per week is $1,612.50 - $400 = $1,212.50.

31. Over 116 weeks, the total damages are $140,650.00 for Plaintiff Izalde.

iii. Damages Calculation for Plaintiff Montachana

32. Plaintiff Montachana worked from May of 2021 until January of 2022, totaling approximately forty (40) weeks. Exhibit 4, Affidavit of Daniel Montachana, ¶¶ 1, 16.

33. During his employment he worked between four (4) and six (6) days each week and averaged seventeen (17) hours per day. Exh. 4, ¶¶ 4-5, 9.

34. Rather than be paid for the time worked, Plaintiff Montachana received a percentage of earnings regardless of how long he worked. Exh. 4, ¶¶6-8.

35. He drove long distances and was required to return. Exh. 4, ¶¶ 10-14.

36. He made only between $70-90.00 per day. Exh. 4, ¶ 15.

37. Each week, if we average his work to seventeen (17) hours per day and five (5) days per week, he worked a total of eighty-five (85) hours per week. The minimum wage was $15.00 per hour pursuant to NYLL § 652(1)(a) regardless of the number of employees. Thus, he was entitled to 85 * $15.00 = $1,275 per week, not counting overtime.

38. The overtime premium would be forty-five (45) times half of the minimum wage, or 45 * $7.50 = $337.50.

39. The total amount owed is $1,275 + $337.50 less the amount paid, which we calculate as

$80 (the average per day pay) times five (5) (the average days per week) or $400. So the damages calculation per week is $1,612.50 - $400 = $1,212.50.

40. Over forty (40) weeks, the total damages are $48,500.00 for Plaintiff Montachana.

41. "Employers that fail to pay the required wages 'shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.'" Aponte v. 5th Ave Kings Fruit & Vegetables Corp., 2022 U.S. Dist. LEXIS 153436, at *22 (E.D.N.Y. Aug. 25, 2022) (quoting 29 U.S.C. § 216(b); citing NYLL § 663(1)). By defaulting, Courts generally determine that a willful violation has occurred. See, e.g., Blue v. Finest Guard Servs. Inc., 2010 U.S. Dist. LEXIS 73223, at *11 (E.D.N.Y. June 24, 2010) ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has [been] entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful."); Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness.").  Plaintiffs have alleged in their complaint that these violations are willful. Exhibit 5, Complaint, ¶ 28.

42. In addition to these base damages, Plaintiffs are seeking liquidated damages in the amount of $67,900.00 for Plaintiff Nereo, $140,650.00 for Plaintiff Izalde, and $48,500.00 for Plaintiff Montachana.

43. Defendant Universal Moving LLC failed to provide proper wage notices and wage statements to Plaintiffs and are liable for that failure. Exhibit 5, ¶¶ 107-110.

44. Under NYLL § 195(1)(a), "[e]ffective April 9, 2011, the NYLL requires that 'every employer shall provide their employees, at the time of hiring, and on or before February

first of each subsequent year of the employee's employment with the employer a notice containing information about rates of pay.'" Ortiz v. Arthur T. Mott Real Estate, LLC, No. CV 15-3940 (SJF)(AYS), 2016 U.S. Dist. LEXIS 127597, at *22 (E.D.N.Y. Sep. 15, 2016) (quoting Guaman v. Krill Contracting, Inc., 2015 U.S. Dist. LEXIS 74567, at *4 (E.D.N.Y. 2015); NYLL § 195(1)(a)). If this notice is not provided then the employer must pay $50.00 for each day in violation with a cap of $5,000.00. NYLL § 198(1-a). Here, more than enough days passed from when the notice should have been issued such that the full $5,000.00 is due to each.

45. Defendant Universal Moving LLC also failed to provide proper wage statements as required by NYLL § 195(3). The wage statements provided failed to include the "rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other." NYLL § 195(3). This failure results in a $250.00 for each work day that the violation occurred, capped at $5,000.00. NYLL § 198(1-d). The wage statements attached show that at least the forty (40) days required to reach that cap were met and Plaintiffs are due the full $5,000.00 each.

46. Thus, each Plaintiff is also entitled to $10,000.00 for wage statement and notice violations.

47. Attorneys' fees and costs are available for all violations under the FLSA and NYLL. 29 U.S.C. § 216(b); NYLL § 663(1); NYLL § 198(1-b), (1-d). Plaintiffs' counsel will file an affirmation detailing the fees incurred once default has been entered, should the Court agree that it is appropriate.

48. Further, under CPLR § 5001 Plaintiffs are entitled to prejudgment interest on all damages awarded under the NYLL. See Llolla v. Karen Gardens Apartment Corp., 2014 U.S. Dist. LEXIS 44884, at *33 (E.D.N.Y. Mar. 10, 2014). The statutory rate of interest under CPLR

§ 5004 is nine percent per year and should be calculated from the mid-point when damages began accruing. Id.; CPLR § 5004.

## AN INQUEST IS UNNECESSARY

49. "In light of the Defendants' default, the Plaintiff's well-pleaded allegations concerning issues other than damages must be accepted as true." Guallpa v. NY Pro Signs Inc., 2014 U.S. Dist. LEXIS 77033, at *3 (S.D.N.Y. May 27, 2014) (citing Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998)).

50. "Additionally, although a plaintiff seeking to recover damages against a defaulting defendant must prove its claims through the submission of admissible evidence, the Court need not hold a hearing so long as (a) the Court has determined the proper rule for calculating damages, … and (b) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment." Id. (citing Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

51. Here, because Plaintiffs have submitted affidavits sworn to under penalty of perjury and the facts alleged establish a violation of the law, this admissible evidence is sufficient to support the entry of the default judgment.

## CONCLUSION

52. Plaintiff seeks a judgment against Defendant Universal Moving LLC in the amounts described below:

    a.    $67,900.00 for Plaintiff Nereo in base damages;

    b.    $67,900.00 for Plaintiff Nereo in liquidated damages;

  c.  $10,000.00 for Plaintiff Nereo for Wage Statement and Notice damages;

  d.  $140,650.00 for Plaintiff Izalde in base damages;

  e.  $140,650.00 for Plaintiff Izalde in liquidated damages;

  f.  $10,000.00 for Plaintiff Izalde for Wage Statement and Notice damages;

  g.  $48,500.00 for Plaintiff Montachana in base damages;

  h.  $48,500.00 for Plaintiff Montachana in liquidated damages; and,

  i.  $10,000.00 for Plaintiff Montachana for Wage Statement and Notice damages;

  j.  Interest to be assessed by the Clerk of the Court.

A Proposed Judgment is attached as Exhibit 6.

Plaintiffs should also be awarded attorneys' fees in an amount to be calculated once the default judgment is entered based on an attorney affirmation, to be submitted at that time.

Dated: Astoria, New York
   April 13, 2023

                THE ROSE LAW GROUP PLLC

                _____/s/Jesse C. Rose_____
                Jesse C. Rose
                3272 Steinway Street
                Suite 503
                Astoria, New York 11103
                Phone: (718) 989-1864
                Fax: (917) 831-4595