**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
LUCAS NEREO, ARMANDO IZALDE, AND DANIEL MONTACHANA,

                     Plaintiffs,

- against -

SHLEPPERS HOLDINGS, LLC D/B/A SHLEPPERSMOVING & STORAGE., UNIVERSAL MOVING LLC, AND ERNESTO DEL VALLE INDIVIDUALLY,

                     Defendants.
------------------------------------------------------------------------X

Case No.:
**22-cv-9505-JGK**

**ATTORNEY AFFIRMATION**

I, Jesse Rose, state the following under penalty of perjury:

1. I represent the Plaintiff in the above captioned action and have reviewed the files and records relating to this case. My statements herein are based on that review and upon information and belief.

2. I submit this Affirmation in response to the Court's Decision and Order dated March 27, 2025 (the "Decision") which permitted Plaintiffs to submit proof that their wage notice and statements claims should not be dismissed for lack of standing.

3. As correctly described by the Court in the Decision, Plaintiffs must point to a consequence which resulted from the Defendants' failure to provide wage statements and/or notices which goes beyond speculation and/or conjecture to establish standing to bring claims under NYLL §§ 195(1)(a) and (3). Decision pp. 20 (citing Pinzon v. 467 Star Deli Inc., 2023 5337617, at *11 (SDNY 2023) *adopted by* 2023 WL 5334757 (SDNY 2023)).

4. Attached hereto as Exhibit A is the affidavit of Plaintiff Lucas Nereo. His sworn affidavit makes clear that he was damaged as he did not receive correct payment, did not know how much he was paid weekly or the reason for the pay amount. Exh. A, ¶¶2-3. He further could not confirm whether he was paid correctly and thus did not have the information he would

1

need to object to being underpaid. Exh. A, ¶¶ 3-6. If he had known, he states that he would have been able to exercise his rights in a timely manner. Exh. A, ¶7.

5. Attached hereto as Exhibit B is the affidavit of Plaintiff Daniel Montachana. He similarly states that he was damaged as he did not receive correct payment, did not know how much he was paid weekly or the reason for the pay amount. Exh. B, ¶¶2-3. He further could not confirm whether he was paid correctly and thus did not have the information he would need to object to being underpaid. Exh. B, ¶¶ 3-6. If he had known, he states that he would have been able to exercise his rights in a timely manner. Exh. B, ¶7.

6. Attached hereto as Exhibit C is the affidavit of Plaintiff Armando Izalde. He similarly states that he was damaged as he did not receive correct payment, did not know how much he was paid weekly or the reason for the pay amount. Exh. C, ¶¶2-3. He further could not confirm whether he was paid correctly and thus did not have the information he would need to object to being underpaid. Exh. C, ¶¶ 3-6. If he had known, he states that he would have been able to exercise his rights in a timely manner. Exh. C, ¶7.

7. Thus, Plaintiffs can show actual damages which were a direct consequence of the Defendants' failure to provide appropriate wage statements and notices. As a result, their claims should not be dismissed.

Dated: Astoria, New York
      May 1, 2025

                                          _____/s/Jesse C. Rose_____
                                          Jesse C. Rose
                                          The Rose Law Group PLLC
                                          3272 Steinway St; Suite 503
                                          Astoria, New York 11103
                                          (718)989-1864
                                          JRose@theroselawgroup.com