UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUCAS NEREO, ARMANDO IZALDE, and
DANIEL MONTACHANA,                                  Case No.: 22-cv-09505-JGK

                Plaintiffs,                    **AFFIRMATION IN OPPOSITION**

v.

SHLEPPERS HOLDINGS, LLC d/b/a SHLEPPERS
MOVING & STORAGE, UNIVERSAL MOVING
LLC, and ERNESTO DEL VALLE individually,

                Defendants.
----------------------------------------------------------------X

       Edward Fogarty Jr., an attorney duly admitted to practice law in this court, hereby affirms

the truth of the following under penalty of perjury:

       1.      I represent the defendant Shleppers Holdings, LLC in the above captioned action,

and submit this affirmation in opposition to plaintiffs' application seeking to prove they have

standing to assert claims based on the alleged failure of their employer to provide wage statements

and or notices. This Court citing Pinzon v. 467 Star Deli Inc. 2023 WL 5337617 appropriately

noted,  that in order to have standing to sustain such claims, "a plaintiff must allege that he suffered

"downstream consequences resulting from the failure to receive (that) information."  As this court

noted, an "informational injury" itself is insufficient to establish standing. Plaintiff may establish

standing by plausibly showing that defective notices led him or her to lose wages. In fact, the

conclusory statements submitted by plaintiffs' contradict their earlier deposition testimony, and do

not establish in other than in conclusory and speculative fashion, offering conjecture that belies

their earlier testimony, anything to substantiate standing for these claims. As such, it is respectfully

submitted, for the reasons set forth below, those claims must be dismissed due to a lack of standing.

       2.      Annexed hereto as **Exhibit "A"** are the relevant pages of the deposition of plaintiff

Nereo.  He specifically testified that he was paid through Zelle, and while he didn't keep anything

written regarding a record of all the money that he was paid by Ernesto for the work, "…Ernesto would pay me by Zelle. And then he would send me a message about the jobs and how much I would get per week". (Page 41).   Plaintiff Nereo conceded that he would have the messages that Ernesto sent, and the bank receipt would show the amount of money he was paid.  In fact, Plaintiff Nereo conceded he had a list of jobs that he did for Ernesto (Universal) while he worked for him. (Page 44).

3.      Mr. Nereo testified he knew what the job "sheets" said Universal was getting paid.  He conceded when he was hired he was going to be paid 23% for each job.  He was given the job sheet and was certainly aware of what he was getting paid.  He was capable of calculating 23% from each of the job sheets.  He admitted he was paid 550 dollars and he objected at that time.  He testified that Ernesto (Universal) told him he would get more money after he better learned the job (page 50).  In fact, all three Plaintiffs complained to Ernesto (Universal) and were told the same thing.

4.      Mr. Nereo contended that his common sense told him he was working over 50 hours/week, and he was aware of what he was getting paid, generally 550/week. This testimony directly contradicts the affidavit submitted that he didn't know how much he was being paid; (he knew the exact amount based on what he was paid in cash and/or through Zelle).  This testimony directly contradicts his affidavit that he could not confirm he was being paid correctly.  Finally, to the extent the affidavit alleges he didn't know what time frame he was being paid for, his testimony establishes all three Plaintiff were paid every week on Wednesday or Thursday for the prior week.  Not only did he claim he was being under paid, he regularly exercised his right to object, and discussed the issues with his employer Universal, through Ernesto.

5.      Clearly, the affidavit is offered in conclusory or speculative fashion to attempt to establish standing where none exists, and directly contradicts prior sworn deposition testimony,

which precludes Plaintiff from being able to establish standing for this claim or to establish "downstream consequences".

6.     The same is true for both remaining Plaintiffs, Izalde and Montachata.  Annexed as **Exhibits "B" and "C"** respectively are the relevant portions of their deposition transcripts which materially contradict the conclusory affidavits forwarded with this motion.  It is respectfully submitted the annexed portions of the transcripts materially contradict their claims submitted herein that both Izalde or Montachata did not know how much they were being paid weekly and could not confirm whether they were being paid the correct amount.  Their testimony directly contradicts this assertion, and they do not even allege facts that would support any "downstream injury".

7.     In fact, the affidavits "…do not allege any facts describing an "injury in fact sufficient to confer standing and [has] not demonstrated how [his] lack of notice resulted in an 'injury greater than Defendants' '' wage violations." See Pinzon id. , which warrants it is respectfully submitted, denial of the motion and dismissal of the claim.  See also, Guthrie v. Rainbow Fencing 113 F.4th 300 (2nd Cir 2024).

**WHEREFORE**, it is respectfully requested, the Court deny the application and dismiss that portion of the claim due to lack of standing, and for such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        May 15, 2025

_Edward Fogarty, Jr_
Edward Fogarty, Jr. Esq.

CERTIFICATE OF COMPLIANCE PURSUANT TO RULE SECTON 202.8B
OF THE SUPREME COURT OF THE STATE OF NEW YORK

The information below sets for the specifications by which this Affirmation in Opposition complies with rule Section 202.8-b of this Court.

The work processing system (program) used is Microsoft Word which has determined that this document contains 822 words not including the caption and signature block.

The typeface (font) is Times New Roman. The point size is 12.

Dated: New York, New York
      May 15, 2025

*Edward Fogarty, Jr*
Edward Fogarty, Jr. Esq.