UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCAS NEREO, *et al.*,

                Plaintiffs,

     -v-

SHLEPPERS HOLDINGS, LLC, *et al.*,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/20/2026

**ORDER**

22-CV-9505 (JGLC)

**HENRY J. RICARDO, United States Magistrate Judge.**

      The Court is in receipt of the Parties' January 7, 2026 joint motion, ECF No. 115 (the "Motion"), requesting approval of their settlement agreement (the "Settlement Agreement"). The Parties have consented to a Magistrate Judge deciding the Motion. ECF No. 118. For the reasons described below, the undersigned is unable to approve the Settlement Agreement in its present form. Accordingly, the Motion at ECF No. 115 is **DENIED** without prejudice to refiling to address the issues described below.

      First, the Settlement Agreement provides for equal payments of $16,666.67 to each of the three plaintiffs despite the fact that each of the three plaintiffs seeks very different damages. ECF No. 115-1 at 2. As described in the Motion, Plaintiff Nereo claims $67,900 in damages, Plaintiff Izalde claims $140,650 in damages, and Plaintiff Montachana claims $48,500 in damages. ECF No. 115 at 2–3. The Motion provides no explanation of why each Plaintiff is to receive the same amount under the Settlement Agreement. *See, e.g., Leon-Martinez v. Cent. Café & Deli*, No. 15-

1

CV-7942 (HBP), 2017 WL 1743935, at *2 (S.D.N.Y. Apr. 13, 2017) (rejecting settlement agreement where parties allocated funds based on the length of each plaintiff's employment rather than the amount of damages each plaintiff claims).

Second, in the final sentence of Paragraph 4 of the Settlement Agreement, Plaintiff's counsel agrees not to seek additional clients to bring similar claims. ECF No. 115-1 at 3. This provision is problematic under the Fair Labor Standards Act. *See Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (WHP), 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) (rejecting a provision that "includes a pledge from Guareno's attorney that her firm will not represent any person bringing similar claims against Defendants"); *see also Lopez v. Ploy Dee*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016) (rejecting non-solicitation clause which restricts plaintiffs from "directly or indirectly" encouraging, inducing, soliciting or assisting anyone to "file a wage and hour action or collective or class action against Defendants" (internal quotations and citations omitted)); *Pena v. San Miguel Transp., Inc.*, No. 14-CV-1463 (WHP), 2015 WL 1938144, at *2 (S.D.N.Y. Apr. 7, 2015) (declining to enforce a provision "requiring that plaintiffs refrain from 'encourag[ing] any current or former employee . . . to bring any charge, lawsuit, or legal action against'" defendants (citations omitted)). This provision is also problematic under New York Rule of Professional Conduct 5.6(a)(2) (prohibiting lawyer from making "an agreement in which a restriction of a lawyer's right to practice is part of the settlement of a client controversy.").

## CONCLUSION

For the reasons described above, the Motion filed at ECF No. 115 is **DENIED** without prejudice. A telephone conference is scheduled on **February 4, 2026 at 10:30 a.m.** to discuss next steps. Counsel should contact chambers using the Court's conference line, +1 646-453-4442 (Conference ID: 301 271 7#).

**SO ORDERED.**

Dated: January 20, 2026
      New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge